UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WAYNE A. HOLDAHL,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF KELSO, WA; COUNCIL 2,WSCCCE, LOCAL 1557 PW; DOUGLAS ROBINSON, MAXINE ROBINSON, KENT ANDERSON, JANE DOE ANDERSON, PAUL BRACHVOGEL, JANE DOE BRACHVOGEL, BETTY ERICKSON, JOHN DOE ERICKSON, DON HARRIS, JANE DOE HARRIS, SUZI RILEY, JOHN DOE RILEY, TRINA YOUNG, JOHN DOE YOUNG, AUDREY EIDE, JOHN DOE EIDE, CHRIS DUGOVICH, AND JANE DOE DUGOVICH,,<br><br>         Defendants. | Case No. C05-5504 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on Defendants' motions to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b), (c) and (h) for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief may be granted. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motions and dismisses Plaintiff's case for the reasons stated below.

ORDER - 1

## INTRODUCTION AND BACKGROUND

This is an employment case filed under Title VII, 42 U.S.C. § 2000. Pro se Plaintiff, Wayne Holdahl, alleges he was unlawfully terminated from his position as a Building Inspector with the City of Kelso in November of 2004. The defendants include the City of Kelso and various individual city employees and their spouses (hereafter, Kelso employees), the Washington State Council of County and City Employees, Council 2, Local 1557 PW [hereafter, WSCCCE] and three individual WSCCCE union members and their spouses. The WSCCCE and individual union member defendants are hereafter referred to collectively as the WSCCCE defendants. The complaint alleges discriminatory conduct under Title VII against the defendants based on the Plaintiff's religion, sex, hostile work environment and retaliation for complaining of sexual harassment. Two state law claims are alleged: defamation and libel. Plaintiff also alleges an "[u]nfair labor practice ..." This claim will be interpreted to state a state law cause of action that the WSCCCE defendants breach of the duty of fair representation.

Plaintiff attached to his complaint a copy of his charge of discrimination, filed April 6, 2005 with the Equal Employment Opportunities Commission (hereafter, EEOC). The EEOC charge is based solely on retaliation. The only named respondent to the charge is the City of Kelso. The charge does not name any individual defendants or the WSCCCE.

This Court has advised Plaintiff of his obligations to serve the complaint, and ordered him to accomplish service of process on multiple occasions. There is no indication that the City of Kelso, the Kelso employees, or the WSCCCE defendants have been served with summons and complaint.

The City of Kelso and Kelso employee move for dismissal pursuant to Fed. R. Civ. P. 12(c) and (h) for lack of personal jurisdiction as they have not been served with summons and complaint. These defendants also move for dismissal for failure to state a claim upon which relief may be granted. The WSCCCE defendants move for dismissal foe lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim.

## PERSONAL JURISDICTION

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4. In re Focus Media, 387 F.3d 1077, 1081 (9th Cir. 2004), Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). Under Fed. R. Civ. P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. However, service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). In order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect. Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4. (9th Cir. 1987). Holdahl's pro se status, alone, is not a justifiable excuse for the defect. See, Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992)

Plaintiff has not shown good cause for his failure to serve process. This Court has advised Plaintiff of the service requirements and ordered Plaintiff to effectuate service on the defendants.

The claims against all defendants are subject to dismissal for lack of personal jurisdiction.

## CLAIMS AGAINST CITY OF KELSO EMPLOYEES

The Kelso employees additionally are entitled to dismissal because(1) they cannot be liable under Title VII as a matter of law, (2) there are no allegations in the complaint to support a claim against the Kelso employees (3) and the court declines to exercise supplemental jurisdiction over any state law claims.

Under Title VII, there is no personal liability for employees, including Holdahl's direct supervisors. See Coffin v. Safeway, Inc., 323 F. Supp.2d 997, 1002 (D. Ariz. 2004); Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir. 1995); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993). Accordingly, the individual City of Kelso employee defendants are entitled to dismissal of the Title VII claims.

ORDER - 3

Also, to establish federal subject matter jurisdiction on a Title VII claim, a plaintiff is required to exhaust his or her administrative remedies prior to seeking adjudication in the courts. <u>Lyons v. England</u>, 307 F.3d 1092, 1103-04 (9th Cir. 2002); <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." <u>Lyons</u>, at 1104; <u>Green v. Los Angeles County Superintendent of Sch.</u>, 883 F.2d 1472, 1475-76 (9th Cir. 1989). Plaintiff has failed to exhaust his EEOC remedies in regard to the individual City employees. The text of the charge simply alleges that the City retaliated against Holdahl for his earlier complaints and that the City violated Title VII. Plaintiff's new claims against City employees are not reasonably related to allegations contained in the EEOC charge.

There are no factual allegations in the complaint to support state law claims for defamation and libel against the Kelso employees.

Even were Plaintiff able to support state law claims in the complaint, this Court, in the exercise of its discretion, would deny supplemental jurisdiction. The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims where the court has dismissed all claims over which it has original jurisdiction. <u>Voigt v. Savell</u>, 70 F.3d 1552, 1565 (9th Cir. 1995). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988). The balance of factors generally indicates that a case belongs in state court when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain. <u>Id</u>.

Here, Holdahl's federal claims will all be dismissed prior to trial. Because the Court is able to decide plaintiff's federal claims without reaching the issues underlying plaintiff's state-law claims, the

ORDER - 4

court will decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c)(3).  See, Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

### CLAIMS AGAINST WSCCCE DEFENDANTS

As previously noted, to establish federal subject matter jurisdiction on a Title VII claim, a plaintiff is required to exhaust his or her administrative remedies prior to seeking adjudication in the courts.  Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir. 2002).  Plaintiff did not file a charge of discrimination against any WSCCCE defendant.  Nor are the claims against the WSCCCE defendants reasonably related to the allegations contained in the EEOC charge.  Any alleged Title VII claims against the WSCCCE defendants are subject to dismissal.

There being no jurisdiction over a federal claim, either against the City of Kelso defendants or the WSCCCE defendants, the Court will not exercise supplemental jurisdiction over any state law claim.  See, Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805-06 (9th Cir. 2001).

Another basis for dismissal of the state law claims is that they are unrelated to the alleged federal claims.  District courts shall have supplemental jurisdiction over all other claims that are so related to federal claims that they form part of the same case or controversy.  Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002); 28 U.S.C. § 1367(a).  Non-federal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.  Finley v. United States, 490 U.S. 545, 549 (1989).  The sate law claims of defamation, libel, and breach of a duty of fair representation are not a part of the nucleus of operative facts that constitute the alleged Title VII claims.  Thus, the state law claims are subject to dismissal.

An additional basis for dismissal of the individual defendants is the Atkinson Rule.  This rule provides that individual union officers and shop stewards cannot be held personally liable for their acts undertaken on behalf of the union, including the duty of fair representation. See, Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962); Peterson v. Kennedy, 771 F.2d 1244, 1256-57

ORDER - 5

(9th Cir. 1985). Accordingly, the claims against the individual WSCCCE defendants are subject to dismissal.

## CONCLUSION

For the reasons set forth above, Defendants are entitled to dismissal of this action.

ACCORDINGLY,

IT IS ORDERED:

1. Defendants City of Kelso and Kelso Employee' Motion for Order of Dismissal [DKT #25] is GRANTED, and the case dismissed as to these defendants.

2. WSCCCE Defendants' Motion to Dismiss [Dkt. #26] is GRANTED, and the case dismissed as to these defendants.

3. All defendants having been dismissed, this case is dismissed in it's entirety.

DATED this 30th day of June, 2006.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6